UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BARONE,<br><br>  Plaintiff,<br><br>  v.<br><br>INTERCONTINENTAL HOTELS GROUP PLC,<br><br>  Defendant. | Case No. 15-cv-04990-JCS<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR JURISDICTIONAL DISCOVERY**<br><br>Re: Dkt. Nos. 14, 18 |

## I. INTRODUCTION

This case arises from an injury that Plaintiff Jennifer Barone suffered at a hotel in Dublin, Ireland. Defendant InterContinental Hotels Group PLC ("IHG PLC") moves to dismiss for lack of personal jurisdiction, asserting that it is a foreign holding company with no direct activities in California. Barone argues that IHG PLC in fact actively manages several hotels in California and is therefore subject to the jurisdiction of this Court. In the alternative, Barone seeks jurisdictional discovery to further explore IHG PLC's role in managing California hotels. The Court held a hearing on May 20, 2016. For the reasons stated below, IHG PLC's Motion is GRANTED, and this action is DISMISSED without leave to amend but without prejudice to Barone bringing a separate action in a court with jurisdiction over IHG PLC. Barone's Motion for Jurisdictional Discovery is DENIED.[1]

## II. BACKGROUND

### A. Allegations of the Complaint

Barone is a citizen of Florida currently residing in Ontario, Canada. 1st Am. Compl. ("FAC," dkt. 8) ¶ 1. At the time of the events at issue, Barone lived in Florida but was on vacation

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

in the Republic of Ireland, where she and her husband were staying in the InterContinental Hotel Dublin (the "Dublin Hotel"). *Id.* ¶¶ 1−3. Barone booked an appointment through the Dublin Hotel for a May 28, 2015 session at a spa located on the Dublin Hotel's premises. *Id.* ¶¶ 3−4. During a steam treatment at the spa, an employee "splashed boiling or near-boiling water onto [Barone's] right shoulder from the device that was creating the steam for the treatment." *Id.* ¶ 6. Barone suffered second-degree burns that required medical treatment and caused her intense pain and permanent disfigurement. *Id.* ¶¶ 11−13. According to Barone, the employee was negligent and/or the device was not appropriate for that use, and IHG PLC is liable under the doctrine of *respondeat superior*, among other theories. *See id.* ¶¶ 7−10.

The Complaint does not specifically identify the claim or claims that Barone seeks to bring. Taking the allegations as a whole, she appears to base her claim on a theory of negligence, although it is not clear whether she would have this Court apply the law of Ireland (where the injury occurred), the United Kingdom (where IHG PLC is based), or some other jurisdiction.

As is relevant to the present Motion, Barone's Complaint asserts that IHG PLC, "a public limited company organized under the laws of England and Wales and registered at Companies House in the United Kingdom," operates thousands of hotels around the world including several in the Northern District of California. *Id.* ¶ 2.

**B.  The Parties' Arguments and Evidence**

**1. IHG PLC's Motion and Declaration of George Turner**

IHG PLC argues that it "does not have sufficient contacts with California to warrant the exercise of personal jurisdiction over it by this Court," relying primarily on a declaration by IHG PLC general counsel and company secretary George Turner. IHG Mot. (dkt. 14-1) at 2, 4−6; *see generally* Turner Decl. (dkt. 14-2). According to IHG PLC and Turner, IHG PLC is a British holding company that is not registered with the California Secretary of State, is not qualified to conduct business in California, does not solicit business in California or elsewhere in the United States, has neither contracted to supply goods or services in California nor derived substantial revenue therefrom, does not maintain an office or property in California, has no employees or officers in California, and does not maintain a presence or engage in a persistent course of conduct

2

in California. IHG Mot. at 4−5; Turner Decl. ¶¶ 3, 7−14. IHG PLC contends that its overall contacts with California are not sufficient to establish general personal jurisdiction, and that Barone's allegations of an injury occurring in Dublin have no connection to California that would establish specific jurisdiction. *See* IHG Mot. at 4, 6−7.

IHG PLC's Motion and Turner's declaration disclaim any direct relationship between IHG PLC and the Dublin Hotel where Barone was injured. *See id.* at 5−6; Turner Decl. ¶¶ 15−33. Although that issue would likely play a central role in the merits of whether IHG PLC could be held liable for Barone's injury, it has little if any bearing on whether IHG PLC is subject to personal jurisdiction in California. This Order therefore does not address those arguments and statements in detail.[2]

IHG PLC also argues, and Turner declares, that IHG PLC owns but is a distinct entity from IHG Hotels Limited ("IHGHL"). IHG Mot. at 4; Turner Decl. ¶¶ 4−6. It is not clear what role, if any, IHGHL played in the facts underlying this case. By inference from unsupported assertions in the introduction of IHG PLC's Motion, IHGHL may serve as a franchisor that played some role in the licensing and/or management of the Dublin Hotel. *See* IHG Mot. at 1−2 (asserting that IHG PLC "is the ultimate indirect parent of the franchisor," and the "franchisor entered into a license agreement with Ballsbridge Hotel Partnership of the Hotel" to allow "the Hotel to exist within the InterContinental® brand system").

### 2. Barone's Opposition, Declarations, and Cross-Motion for Discovery

Contrary to IHG PLC's characterization of itself as merely a holding company, Barone argues that IHG PLC is "an international operator of hotels" and "the 'mother ship' of a global business enterprise consisting of thousands of hotel properties." Pl.'s Opp'n (dkt. 17) at 1−2. Barone relies on IHG PLC's annual report, its website, and her own experience at the Dublin Hotel to assert that IHG PLC takes a hands-on role in managing many of the hotels associated

---

[2] One such assertion, that "IHG PLC is not an agent of the Hotel or any other Defendant, and no Defendant, including the Hotel, is an agent of IHG PLC," seems out of place given that IHG PLC itself is the only defendant named in this action. *See* Mot. at 5−6; Turner Decl. ¶ 27. But whatever Turner and IHG PLC may have meant by that assertion, it is not relevant to the present Motion.

3

with the InterContinental brand, *see id.* at 4−10, including several in California, *id.* at 10−12.[3] Statements in the annual report from IHG PLC's officers, specifically its CEO and its chairman, describe IHG PLC's progress in imposing standards across all hotels in its system, its success in opening new hotels, and its efforts "to deliver a personalised experience for [its] members, before, during and after their stay." Opp'n at 4−6 (citing Barone Decl. (dkt. 17-1) Ex. C (IHG Annual Report) at 6−9). Barone also points to financial statements in the annual report showing that a portion of IHG PLC's profit comes from "revenue generated from the sale of room nights," among other evidence that, Barone argues, shows IHG PLC's active role in managing InterContinental-branded hotels. *Id.* at 8 (citing Barone Decl. Ex. C at 126).

With respect to IHG PLC's purported activities in California, Barone primarily discusses IHG PLC's recent acquisition of the Kimpton Hotels chain, including five existing and two forthcoming hotels in California. *Id.* at 10−11 (citing Barone Decl. ¶ 7 & Exs. B, C). Invoking the "representative services doctrine," Barone contends that even if IHG PLC operates hotels in California through subsidiaries, the Court can assert jurisdiction over IHG PLC itself based on those contacts. *Id.* at 11. She also cites risk assessments in the annual report discussing the possibility of liability in the United States. *Id.* at 10 (citing Barone Decl. Ex. C at 158).

A declaration by Barone's counsel John McKay details his tribulations in attempting to serve IHG PLC. *See generally* McKay Decl. (dkt. 17-7). According to McKay, IHG PLC's website listed an attorney named Steve Smith as senior vice president and general counsel of the Americas division of "IHG (InterContinental Hotels Group) PLC," in charge of a department based in the state of Georgia. *Id.* ¶ 2 & Ex. A. When Barone attempted to serve process on IHG PLC at the Georgia address, Smith refused service on the basis that his department was not part of IHG PLC. *Id.* ¶ 3. After Barone served IHG PLC in the United Kingdom via the Hague convention, McKay received an email from a paralegal at the Georgia address on behalf of IHG PLC, requesting that Barone dismiss her complaint voluntarily and instead sue the franchisee in

---

[3] As with IHG PLC's contentions on the subject, this Order does not dwell on Barone's arguments regarding IHG's purported role in managing the Dublin Hotel. While such a relationship might at the margin be relevant to IHG PLC's role in managing hotels generally, it reveals little as to IHG PLC's relationship with California.

4

Ireland, or alternatively allow IHG PLC additional time to respond. *Id.* ¶ 4 & Ex. B. The IHG PLC website that previously listed Smith as an officer of IHG PLC has since been revised to omit "PLC" from his job title, "leaving only the more vague moniker 'InterContinental Hotels Group.'" *Id.* ¶ 5 & Ex. C. Barone argues that this course of dealing demonstrates IHG PLC's propensity "to haul out the corporate shell game when it is under fire." Pl.'s Opp'n at 11.

In the alternative to her arguments why IHG PLC's Motion should be denied, Barone moves for jurisdictional discovery to explore IHG PLC's "relationship with the hotels in its 'System' and particularly the one in Dublin and those here in California." *Id.* at 12; *see* Pl.'s Mot. (dkt. 18). According to Barone, this case falls within the Court's "broad discretion to permit jurisdictional discovery." Pl.'s Opp'n at 12.

### 3.  IHG PLC's Reply in Support of Dismissal

IHG PLC continues to argue in its Reply that it "is a foreign holding company that does not maintain minimum contacts with California." IHG Reply (dkt. 21) at 1. The Reply includes many references to "IHC [sic] PLC"—presumably a repeated typographical error intended to refer to IHG PLC—interspersed with correct references to "IHG PLC." *See id.* at 1–4, 6. IHG PLC characterizes the annual report on which Barone relies as "an unverified 2015 report Plaintiff found online," and asserts that it "does not even mention IHC [sic] PLC, let alone contain facts establishing that IHC [sic] PLC had any contacts with California." *Id.* at 1–2; *see also id.* at 3 ("[N]othing in the report even references IHG PLC, let alone demonstrates that IHG PLC has continuous and systematic contacts with California."). According to IHG PLC, Barone's reading of the word "we" in the annual report as referring to IHG PLC "is not supported by fact or law." *Id.* at 3. IHG PLC once again asserts that it is the ultimate parent of, but operationally distinct from, IHGHL, but again fails to explain what relevance, if any, IHGHL has to this case. *Id.* With respect to jurisdictional discovery—also addressed in IHG PLC's separate Opposition to Barone's Motion, discussed below—IHG PLC argues that Barone's request is based on a mere "hunch," and that the Court should therefore deny her Motion. *Id.* at 4–7.

### 4.  IHG PLC's Opposition to Motion for Discovery

In its Opposition, IHG PLC asserts again that the "unverified 2015 report Plaintiff found

online . . . does not even mention IHC [sic] PLC, let alone contain facts establishing that IHC [sic] PLC has contacts in California." IHG Opp'n (dkt. 24) at 1−2. Like IHG PLC's Reply, portions of its Opposition appear to use the terms "IHC PLC" and "IHG PLC" interchangeably. *See id.* at 1−2. IHG PLC argues that because Barone's arguments contradict Turner's sworn declaration and amount to nothing more than a hunch, her request for discovery should be denied. *Id.* at 3−5 (citing, *e.g.*, *Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008); *Teras Cargo Transp. (Am.), LLC v. Cal Dive Int'l (Australia) Pty Ltd.*, No. 15-cv-03566-JSC, 2015 WL 6089276 (N.D. Cal. Oct. 16, 2015)). According to IHG PLC, the cases on which Barone relies for her discovery arguments involved more substantial evidence of a connection to the forum than Barone has shown here, and are therefore distinguishable. *Id.* at 5−7.

### 5. Barone's Reply in Support of Discovery

Barone's Reply takes umbrage at IHG PLC's characterization of the annual report, among other aspects of IHG PLC's responses:

> Despite Plaintiff's Declaration testimony that the Annual Report was downloaded from Defendant's own website, *see* [Barone Decl.] at ¶ 10, and the fact that the Court can take judicial notice of documents posted on its website, see *W. Marine, Inc. v. Watercraft Superstore, Inc.*, 2012 WL 479677, at *9 (N.D. Cal. Feb. 14, 2012) (compiling cases); *see also O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007), Defendant refers to its Annual Report as "an unverified 2015 report that Plaintiff found online," [IHG Opp'n] at 1, and makes the even more bizarre claim that "the report offered by Plaintiff does not even mention IHC PLC [*sic*], let alone contain facts establishing that IHC PLC [*sic*] has contacts in California." *Id.* The mysterious "IHC PLC" appears ten times in Defendant's Opposition without being identified. It appears interspersed with references to "IHG PLC," which Defendant uses to identify itself, *see* [IHG Opp'n] at 1. Either Defendant is being too clever by half in its efforts to confuse the facts, or it made the same typographical error ten times in a seven-page brief while managing to get it right in thirteen other instances. If it wants the Court to believe that the Annual Report posted on its website is not its own publication to its shareholders, and/or that it is never mentioned in the document, that assertion is astoundingly disingenuous.

Pl.'s Reply (dkt. 25) at 1−2 (additions of "[*sic*]" in original).

Barone argues that the report is, in fact, IHG PLC's report because it states that it is the

1   report of "InterContinental Hotels Group," bears a service mark registered to IHG PLC,[4] includes
2   a certification by "Company Secretary" George Turner (who represented himself as the company
3   secretary of IHG PLC in his declaration in this action), states that it can be viewed (and can in fact
4   be viewed) at www.ihgplc.com, and defines the terms "the Group," "IHG," and "the Company"
5   (all of which are used extensively therein) to mean "InterContinental Hotels Group PLC"—i.e.,
6   IHG PLC. *Id.* at 2−4 (citing Barone Decl. Ex. C at 1, 2, 94). Barone contends that the report's
7   descriptions of IHG PLC's conduct in California, as well as her counsel's experience with the
8   Georgia-based legal department that may or may not be part of IHG PLC, contradict Turner's
9   declaration that IHG PLC has no operations in the United States. *Id.* at 4−5. According to
10  Barone, such conflicts should be resolved in her favor at the pleading stage, and should entitle her
11  to at least jurisdictional discovery if not denial of IHG's Motion to Dismiss. *See id.* at 4−6.

### III. ANALYSIS

#### A. Legal Standard for Rule 12(b)(2) and Jurisdictional Discovery

A party may move for dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "Where, as here, the motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts.'" *Id.* (quoting *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). "Although the plaintiff cannot simply rest on the bare allegations of its complaint, . . . uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (internal quotations omitted). "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.*

Alternatively, where "the jurisdictional facts are contested or more facts are needed," a court may permit jurisdictional discovery. *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093

---

[4] Barone also argues that the registration certificate for the mark demonstrates that IHG PLC represented itself as engaged in hotel operation and management, and that IHG PLC is therefore not merely a holding company. Pl.'s Reply at 2−3 & Ex. A.

(9th Cir. 2003). Courts may, however, dismiss without allowing jurisdictional discovery "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Am. W. Airlines, Inc. v. GPA Grp., Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989). A plaintiff must generally demonstrate "more than a hunch that [discovery] might yield jurisdictionally relevant facts." *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

Personal jurisdiction depends on both substantive law and constitutional due process considerations. "Where . . . there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002). As Barone's Complaint does not rely on any federal statute, the Court applies the law of California to determine whether personal jurisdiction exists. *See generally* FAC. "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Dole Food*, 303 F.3d at 1110 (citing Cal. Code Civ. Proc. § 410.10).

### B. Overview of Personal Jurisdiction

"For a court to exercise personal jurisdiction over a non-resident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 1110−11 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Calder v. Jones*, 465 U.S. 781, 788 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

Personal jurisdiction may be either general or specific. *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). In *Goodyear Dunlop Tires Operations, S.A. v. Brown*, the Supreme Court explained that "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 131 S. Ct. 2846, 2851 (2011) (citing *Int'l Shoe*, 326 U.S. at 317). On the other hand, the Court continued, "[s]pecific jurisdiction . . . depends on an

'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id*. (alteration in original; citation omitted). Thus, "[i]n contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id*. (citation and internal quotation marks omitted).

### C. This Order Assumes That IHG PLC Manages InterContinental Hotels

The Court agrees with Barone that IHG PLC's attempt to distance itself from the annual report attached to Barone's declaration is bizarre. While much of the report is vague as to the exact identity of the corporate entity to which it pertains, IHG PLC's repeated assertion that the report does not mention IHG PLC is simply false. *See, e.g.*, Barone Decl. Ex. C at 81 ("Independent Auditor's Report to the members of InterContinental Hotels Group PLC"); *id.* at 86 ("We have audited the accompanying Group statement of financial position of InterContinental Hotels Group PLC . . . ."); *id.* at 94 (referring to "InterContinental Hotels Group PLC (the Group or IHG)" and "InterContinental Hotels Group PLC (the Company)"). Moreover, even absent those explicit references, the fact that the report is available on the "Investors" section of *IHGPLC*.com, where it is presented as "our 2015 Annual Report and Form 20-F," also suggests that the report pertains to IHG PLC. *See* Barone Decl. ¶ 10; *see also* InterContinental Hotels Group, "Reporting centre," http://www.ihgplc.com/index.asp?pageid=942 (accessed May 17, 2016). The Court also agrees with Barone that the report tends to suggest that IHG PLC takes a more active role in managing at least some InterContinental-branded hotels than its present arguments let on.

The Court need not, however, untangle the precise nature of the report or even the nature of IHG PLC's activities in California. Even if IHG PLC in fact actively manages a number of hotels in California, that alone would not establish that this Court has either specific jurisdiction or general jurisdiction over IHG PLC for the purpose of the present action, as discussed in the following sections. This Order therefore assumes for the sake of argument that Barone is correct that IHG PLC "considers the [Dublin, Ireland] hotel where [Barone] was injured to be its 'own'

9

and that it manages several hotels in California, including in the San Francisco area." *See* Pl.'s Reply at 8.

### D. This Court Lacks Specific Jurisdiction over IHG PLC for Claims Based on Barone's Injury in Dublin

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)).  The exercise of specific jurisdiction "is consistent with due process" only where "the defendant's suit-related conduct . . . create[s] a substantial connection with the forum state." *Id.*; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) ("the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum state").

A court may exercise specific jurisdiction over a non-resident defendant where the following requirements are met:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Dole Food*, 303 F.3d at 1111.

The plaintiff bears the burden of satisfying the first two prongs of the test for specific jurisdiction. *Id.* (citing *Sher v. Johnson*, 911 F.3d 1357, 1361 (9th Cir. 1990)).  "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King*, 471 U.S. at 476−78).

Here, the second prong of the test dooms any claim that Barone might have to specific

jurisdiction. Barone's claim—based an injury that occurred in Ireland—does not "arise[] out of or relate[] to" any alleged activities of IHG PLC that have any significant relation to California. *See id.* Barone argues that the injury occurred because of management decisions that affected IHG PLC's global system of hotels as a whole, and that she only visited the Dublin Hotel because of IHG PLC's "worldwide solicitation of guests, including here in California." Pl.'s Opp'n at 11−12. Such an approach "elide[s] the essential difference between case-specific and general jurisdiction," *see Goodyear*, 564 U.S. at 927, as well as the difference between the first and second prongs of the test for specific jurisdiction. Barone cites no authority supporting such a broad application of the specific jurisdiction doctrine.

How IHG PLC managed its hotels in California or marketed its foreign hotels to consumers in California had no bearing on Barone's injury, because Barone was injured at a hotel in Ireland and there is no indication that Barone, a Florida citizen, has even set foot in California. *See* FAC ¶¶ 1−3. Barone does not suggest that any relevant management or marketing decision by IHG PLC—a corporation based in the United Kingdom—was made in California. Barone's claim rests on whether some aspect of the equipment or service at the Dublin Hotel was deficient; IHG PLC's California hotels may or may not have exhibited the same deficiency, but Barone's experience in Ireland was not affected in any way by the condition of any hotel in California. The Court concludes that Barone has not met her burden to show that her claim "arises out of or relates to the defendant's forum-related activities." *See Dole Food*, 303 F.3d at 1111.

### E. This Court Lacks General Jurisdiction over IHG PLC

In *International Shoe,* the Supreme Court observed that there are "instances in which . . . continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." 326 U.S. at 318. The standard for establishing general jurisdiction is "fairly high." *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986). "It is one thing to hold a corporation answerable for operations in the forum State, quite another to expose it to suit on claims having no connection whatever to the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 n.19 (2014) (citation omitted).

11

A corporate defendant may be subject to general jurisdiction when its contacts with the forum "approximate physical presence." *Bancroft & Masters*, 223 F.3d at 1086. Whether this standard is met turns on the "economic reality of the defendants' activities rather than a mechanical checklist." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1173 (9th Cir. 2006). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Bancroft & Masters*, 223 F.3d at 1086. "[E]ngaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders." *Id*.

In recent years, the Supreme Court has cautioned against an overly expansive view of general jurisdiction, framing the question as whether the defendant corporation is "essentially at home" in the forum state. *See Goodyear*, 564 U.S. at 919; *Daimler*, 134 S. Ct. at 761 (quoting *Goodyear*). As summarized by the Ninth Circuit:

> The Court in *Daimler* rejected the plaintiffs' argument, also pressed by plaintiffs here, that general jurisdiction is appropriate whenever a corporation "engages in a substantial, continuous, and systematic course of business" in a state. [*Daimler*, 134 S. Ct.] at 761 (internal quotation marks omitted). It emphasized that the "paradigm" fora for general jurisdiction are a corporation's place of incorporation and principal place of business. *Id.* at 760 (internal quotation marks omitted). Only in an "exceptional case" will general jurisdiction be available anywhere else. *Id.* at 761 n.19.

*Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 2310 (2015).

"General jurisdiction . . . calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 134 S. Ct. at 762 n.20. The Ninth Circuit has interpreted *Daimler* as requiring a comparison between a corporation's ties to the forum state and its operations elsewhere, finding no general jurisdiction where a defendant corporation's "California contacts are minor compared to its other worldwide contacts." *See Martinez*, 764 F.3d at 1070 (citing *Daimler*, 134 S. Ct. at 762 n.20)). "[T]he reasonableness test articulated in *Asahi Metal Industry Co. v. Superior Court of California, Solano County*, 480 U.S. 102 . . . (1987), is reserved for the specific

jurisdiction inquiry and plays no role in the general jurisdiction inquiry." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1079 n.3 (9th Cir. 2015) (citing *Daimler*, 134 S. Ct. at 762 n.20), *cert. denied*, 136 S. Ct. 915 (2016).

Barone's briefs fail to acknowledge or address the "essentially at home" standard set forth in *Goodyear* and *Daimler*. *See generally* Pl.'s Opp'n; Pl.'s Reply.[5] Barone bases her argument for jurisdiction on the theory that IHG PLC "manages several hotels in California, including the San Francisco area," Pl.'s Reply at 8, and that it directed marketing activities to California, Pl.'s Opp'n at 11−12. Even assuming Barone is correct that IHG PLC "is a hands-on manager of its hotels," *id.* at 4, she does not argue that California is IHG PLC's place of incorporation or principal place of business, and does not explain why this is the sort of "exceptional case" where IHG PLC should be subject to general jurisdiction in a forum that does not meet one of those criteria. *See Martinez*, 764 F.3d at 1070 (discussing *Daimler*, 134 S. Ct. at 760−61 & n.19).

In *Daimler*, a Daimler subsidiary "ha[d] multiple California-based facilities, including a regional office," and was "the largest supplier of luxury vehicles to the California market." *Daimler*, 134 S. Ct. at 752. The Supreme Court held that *even if those contacts were imputed to Daimler*, they would not be sufficient for California courts to exercise general jurisdiction over Daimler, because under such an approach "the same global reach would presumably be available in every other State in which [the subsidiary's] sales are sizable," and "[s]uch exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants 'to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'" *Id.* at 760−62 (quoting *Burger King*, 471 U.S. at 472).[6]

Barone argues that California is one of many markets in which IHG PLC operates hotels. *See* Pl.'s Opp'n at 8−9 (discussing IHG PLC operations in Europe); *see also* Barone Decl. Ex. C at 35−46 (discussing IHG PLC performance in regions throughout the world). There is no indication

---

[5] Barone's counsel acknowledged at the hearing that *Daimler* represents a significant barrier to this Court asserting jurisdiction over IHG PLC for the purpose of this action, and presented no argument why *Daimler* should not apply here.

[6] Although the *Daimler* case involved contact through a subsidiary, the decision does not turn on that fact because the Court assumed for the sake of argument that the subsidiary's contacts could be imputed to Daimler itself. *See Daimler*, 134 S. Ct. at 760.

that California holds any special significance to IHG PLC—to the contrary, the entire western hemisphere (IHG PLC's "Americas" region) accounted for only slightly more than half of IHG PLC's global revenue in 2015. *See* Barone Decl. Ex. C at 32. Accordingly, regardless of how active a role IHG PLC plays in managing its hotels, exercising general jurisdiction in this case would contradict the Supreme Court's admonishment that a "corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 134 S. Ct. at 762 n.20. The Court holds that even if Barone's allegations and arguments are taken as true, she has not met her burden to show that IHG PLC is subject to general jurisdiction in California.

### F. Jurisdictional Discovery Is Not Warranted

"A district court is vested with broad discretion to permit or deny discovery" related to questions of jurisdiction. *Laub*, 342 F.3d at 1093. "'[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Id.* (quoting *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)). On the other hand, "refusal to allow further discovery before dismissing on jurisdictional grounds is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Am. W. Airlines*, 877 F.2d at 801(citation and internal quotation marks omitted). Nor must a court allow discovery "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto*, 539 F.3d at 1020.

Here, Barone's theory of jurisdiction is that IHG PLC managed several hotels in California (among thousands of hotels throughout the world) and directed certain marketing activities toward California (as part of its "worldwide solicitation of guests"). *See* Pl.'s Opp'n at 11−12; Pl.'s Reply at 7−8; FAC ¶ 2. As discussed above, the Court holds that such contacts are insufficient to establish general jurisdiction. She argues that aspects of IHG PLC's conduct related to California stemmed from the same high-level decision making that influenced her travel plans (presumably when she was in Florida) and led to her injury in Ireland. *See* Pl.'s Opp'n at 11−12. As discussed above, the Court holds that any such connection between Barone's claims and this forum is too tenuous to establish specific jurisdiction. Barone seeks jurisdictional discovery because she

14

1 believes it would "expose the true nature of [IHG PLC's] relationship with the hotels in its
2 'System' and particularly the one in Dublin and those here in California," Pl.'s Reply at 12, but
3 even if discovery were to confirm entirely Barone's theory of that relationship, IHG PLC would
4 still fall outside of this Court's jurisdiction with respect to the claims raised in this action. The
5 Court therefore finds it "clear that further discovery would not demonstrate facts sufficient to
6 constitute a basis for jurisdiction." *See Am. W. Airlines*, 877 F.2d at 801. Barone's Motion is
7 DENIED.

## IV. CONCLUSION

For the reasons discussed above, IHG PLC's Motion to Dismiss is GRANTED, and Barone's Motion for Jurisdictional Discovery is DENIED. This case is DISMISSED without leave to amend but without prejudice to Barone bringing her claim in a court of competent jurisdiction. The Clerk is instructed to enter judgment consistent with this Order.

**IT IS SO ORDERED.**

Dated: May 20, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge